UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| TONY D. SCOTT,<br>      Plaintiff,<br><br>v.<br><br>GENERAL DYNAMICS<br>NASCO NORFOLK, *et al.*,<br>      Defendants. | Civil Action No. 2:20cv573 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court following *pro se* Plaintiff Tony D. Scott's ("Plaintiff") failure to prosecute this action and to comply with a prior Order of this Court. As explained in more detail below, this action will be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

On November 17, 2020, Plaintiff filed an application to proceed *in forma pauperis* ("First IFP Application"), along with a proposed Complaint. First IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Upon review of Plaintiff's First IFP Application, the Court determined that certain financial information reported therein appeared to be inaccurate. Order at 1, ECF No. 2. Therefore, in an Order dated November 23, 2020, the Court denied Plaintiff's First IFP Application and ordered Plaintiff to either pay the requisite filing fees or submit another *in forma pauperis* application to the Court for consideration. *Id*. at 1-2.

On December 9, 2020, Plaintiff filed a second application to proceed *in forma pauperis* ("Second IFP Application"). Second IFP Appl., ECF No. 3. In an Order to Show Cause dated January 11, 2021, the Court granted Plaintiff's Second IFP Application and directed the Clerk to

file Plaintiff's Complaint. Order Show Cause at 1, ECF No. 4. However the Court determined that this action could not proceed until Plaintiff cured certain defects in his Complaint. *Id*.

As his Complaint, Plaintiff filed two form complaints: (i) a form "Complaint for Employment Discrimination;" and (ii) a form "Complaint for a Civil Case." Compl. at 1-12, ECF No. 5. In the "Complaint for Employment Discrimination" form, Plaintiff appeared to assert claims against Defendants for race discrimination, color discrimination, gender discrimination, retaliation, and defamation. *Id*. at 3-4. However, Plaintiff did not provide any factual allegations to support the asserted claims. *Id*.

In the "Complaint for a Civil Case" form, Plaintiff stated that he was asserting claims against Defendants pursuant to "Appendix D Universal Declarations of Human Rights Article 1, Article 23 (1)(2)(3)." *Id*. at 10. In summarizing the factual basis for these claims, Plaintiff stated:

> Constantly harassed while working at GD by Wayne Kabaski. Kabaski approached me on different (three) asking (Tony Scott) to kill his supervisor for overtime. Constantly threatened to be fired (daily) under his supervision. With slander, defamation, racist bigot comments. Reports were made by (Tony Scott) to GD hotline, Integrity Staffing, and EEOC. Acts recorded between April 2019 until July 2019.

*Id*. at 11 (errors in original).

In the Court's January 11, 2021 Order to Show Cause, the Court explained that when a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to screen the operative complaint to determine, among other things, whether it states a claim on which relief may be granted. Order Show Cause at 2 (citing 28 U.S.C. § 1915(e)(2)). If the operative complaint fails to state a claim for relief that is plausible on its face, the Court is required to dismiss the action. *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon review of Plaintiff's Complaint, the Court determined that, in its current form, Plaintiff's Complaint failed to adequately identify the legal and factual bases for Plaintiff's lawsuit. *Id*. As a result, the Court further determined that Plaintiff's Complaint failed to state a claim on which relief may be granted, and that dismissal of this action was warranted under 28 U.S.C. § 1915(e)(2). *Id*. However, in deference to Plaintiff's *pro se* status, the Court chose not to immediately dismiss this action. *Id*. Instead, the Court provided Plaintiff with an opportunity to file an Amended Complaint. *Id*. at 2-3. The Court stated:

> Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint within thirty days from the date of entry of this Order to Show Cause. Plaintiff is ADVISED that the Amended Complaint will supersede the initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:
>
> (i)  be clearly labeled as Plaintiff's Amended Complaint;
>
> (ii)  clearly identify all Defendants against whom Plaintiff intends to assert claims;
>
> (iii)  clearly identify the specific claims asserted against each Defendant;
>
> (iv)  identify a valid basis for the Court's jurisdiction over all asserted claims; and
>
> (v)  clearly set forth all factual allegations to support each identified claim against each Defendant.

*Id*. (footnote omitted). The Court specifically warned Plaintiff that this action may be dismissed if he failed to comply with the terms of the Order to Show Cause. *Id*. at 3.

Plaintiff did not file an Amended Complaint. Dismissal Order at 3, ECF No. 6. On February 25, 2021, the Court entered a Dismissal Order, in which it explained that because Plaintiff did not cure the defects of his Complaint, the Court was obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. *Id*. Further, because the Court previously provided Plaintiff with an opportunity to file an Amended Complaint

3

and Plaintiff did not do so, the Court determined that it would be futile to provide Plaintiff with another opportunity to amend. *Id*. at 4. Accordingly, the Court exercised its discretion to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2) with prejudice. *Id*. (citing *Smith v. Forrester*, No. 4:18cv3317, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. 6, 2019); *Gooden v. U.S. Navy/U.S. Marine Corps*, 791 F. App'x 411, 411 (4th Cir. 2020)).[1]

On March 25, 2021, Plaintiff filed a Motion for Reconsideration, in which he asked the Court to reconsider its dismissal of this action. Mot. Recons. at 1, ECF No. 8. In support of his motion, Plaintiff stated that he never received a copy of the Court's January 11, 2021 Order to Show Cause, and as a result, he never had an "opportunity to cite additional relevant facts" that could have cured the defects of his initial Complaint. *Id*.

On June 9, 2021, the Court granted Plaintiff's Motion for Reconsideration and vacated the February 25, 2021 Dismissal Order. Mem. Op., ECF No. 9; Order, ECF No. 10. Additionally, the Court ordered Plaintiff to file an Amended Complaint, pursuant to the instructions set forth in the January 11, 2021 Order to Show Cause, within thirty days. Order at 1. The Court specifically advised Plaintiff that "this action may be dismissed if he fails to comply with the terms of [the June 9, 2021] Order." *Id*. Plaintiff did not file an Amended Complaint, as ordered, and his deadline to do so has expired.

## II. ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although Federal Rule 41(b) states that

---

[1] In its Dismissal Order, the Court also noted that dismissal of this action was warranted under Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to comply with the terms of the Court's January 11, 2021 Order to Show Cause. Dismissal Order at 4 n.1, ECF No. 6 (citing Fed. R. Civ. P. 41(b)).

"a defendant may move to dismiss the action," the Court retains the "authority to act on its own initiative," and "need not await a motion from a defendant before it employs the dismissal sanction." *Id*.; *see Zaczek v. Fauquier Cty*., 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co*., 370 U.S. 626, 630 (1962)).

As explained above, in its June 9, 2021 Order, the Court ordered Plaintiff to file an Amended Complaint, pursuant to the instructions set forth in the January 11, 2021 Order to Show Cause, within thirty days. Order at 1. The Court specifically warned Plaintiff that failure to do so may lead to the dismissal of this action. *Id*. Plaintiff failed to comply with the terms of the June 9, 2021 Order. Under these circumstances, the Court finds that Plaintiff's actions (or lack thereof) demonstrate a failure to prosecute this action, and a failure to comply with an Order of this Court. Accordingly, this action will be DISMISSED without prejudice pursuant to Federal Rule 41(b).

### III. CONCLUSION

For the reasons set forth above, this action will be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States District Judge

Richmond, Virginia
July 16, 2021